IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SUSAN DENISE ALLEN                                                                         PLAINTIFF

vs.                              Civil No. 6:09-cv-06013

MICHAEL J. ASTRUE
DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Susan Denise Allen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her applications for DIB and SSI on October 26, 2005.  (Tr. 11).  Plaintiff alleged she was disabled due to degenerative disc disease.  (Tr. 44).  Plaintiff alleged an onset date of May 27, 2005.  (Tr. 45).  Plaintiff's applications were denied initially on February 17, 2006, and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

were denied at the reconsideration level on October 4, 2006. (Tr. 31, 34).

On December 8, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 30). This hearing was held on January 11, 2008 in Hot Springs, Arkansas. (Tr. 148-182). Plaintiff was present and was represented by counsel, James Street, at this hearing. *See id.* Plaintiff, Plaintiff's daughter Jamaica Allen, and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id*. On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had attended some college. (Tr. 152, 165).

On August 29, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-17A). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 27, 2005. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative disease of the lumbar spine with obesity. (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 15, 17). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform a limited range of light work with occasional stooping and crouching. (Tr. 17, Finding 6).

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 16-17, Findings 7, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 161-166, 172-173, 177-180). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a home health aid. (Tr. 16). The ALJ determined, considering her RFC, that Plaintiff would not be able to perform this PRW. (Tr. 17, Finding 7). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, through the date of the ALJ's decision or through August 29, 2008. (Tr. 17).

On October 27, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 145). *See* 20 C.F.R. § 404.968. On December 11, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-7). On February 11, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 15, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 8, 9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and (C) the ALJ erred in his evaluation of Plaintiff's subjective complaints.  In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and (C) the ALJ properly considered Plaintiff's subjective complaints.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that

5

determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ found Plaintiff had the RFC to perform a limited range of light work. (Tr. 16). The ALJ found Plaintiff could lift no more than 20 pounds at a time, with frequent lifting or carrying of objects weighting up to ten pounds. The ALJ also found Plaintiff could sit and stand with normal breaks for a total of about six hours in an eight-hour workday. (Tr. 16). Additionally the ALJ found Plaintiff could stoop and crouch on an occasional basis. (Tr. 16).

Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Plaintiff relies on the opinion of treating physician Dr. Robert Dorman in support of her position that the ALJ erred in his RFC determination. (Doc. No. 8, Pgs. 5-14). Defendant argues the ALJ considered the opinions of Dr. Dorman, but properly disregarded them for being inconsistent with the evidence in the record. (Doc. No. 9, Pgs. 7-9).

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

According to Plaintiff, Dr. Dorman has been her treating physician for more than 20 years. (Tr. 154). Plaintiff alleged her disability date to be May 27, 2005. (Tr. 45). Plaintiff was seen by Dr. Dorman on May 31, 2005 and was diagnosed with an acute lumbar strain. (Tr. 105). Plaintiff underwent an MRI on July 8, 2005 which indicated Plaintiff had a small disc bulge. (Tr. 101). Following this, Plaintiff was treated by Dr. Dorman on multiple occasions through 2008 for complaints of back and right leg pain. (Tr. 95-106, 129-139).

On January 8, 2008, Dr. Dorman completed a Lumbar Spine RFC Questionnaire. (Tr. 140-144). Dr. Dorman diagnosed Plaintiff with low back pain with radiation into both legs. (Tr. 140). Dr. Dorman indicated Plaintiff could stand/walk for less than two hours of an eight-hour work day and sit for a total of two hours of an eight-hour work day. (Tr. 142). According to Dr. Dorman, Plaintiff could occasionally lift less than 10 lbs, and could never lift more than 10 lbs., and could never crouch or stoop. (Tr. 143). Finally, Dr. Dorman indicated Plaintiff would miss work more than four days per month because of her impairments. (Tr. 143).

The findings of Dr. Dorman do not support the RFC finding of the ALJ. The ALJ, in his decision, did not accept Dr. Dorman's finding's and stated they were not corroborated by his own records. (Tr. 16). Other than stating his conclusions, the ALJ failed to give good reasons for discrediting Dr. Dorman's opinions.

The ALJ indicated most of Dr. Dorman's records did not mention any musculoskeletal or neurological findings, and many did not even reflect complaints regarding the back or extremities. (Tr. 16). The ALJ also discounted Dr. Dorman's opinions because he failed to refer Plaintiff for a specialized evaluation. The record shows that neither of these findings is accurate. Plaintiff's treatment records from Dr. Dorman show that over half the visits involved complaints and treatment for back pain. (Tr. 95-100, 103-106, 129, 138-139). Also, in September of 2005, Dr. Dorman

7

referred Plaintiff to neurologist Dr. Boos and sent Dr. Boos his treatment records.  (Tr.  97-102).  However, Plaintiff was unable to see Dr. Boos due to lack of finances.  (Tr. 96).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician.  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, Dr. Dorman, this case should be reversed and remanded for proper review and analysis of Dr. Dorman's opinions.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of August, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.